IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 98-40812
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS HERNANDEZ-PEREZ,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-103-1

---

April 13, 1999

Before JOHNSON, DUHE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jesus Hernandez-Perez ("Hernandez") appeals his sentence imposed by the district court pursuant to his guilty plea conviction for entering the United States without the Attorney General's consent after previously having been convicted and deported. Hernandez contends that the court's imposition of a sixteen level increase to his base offense level under § 2L1.2(b)(1)(A) of the Sentencing Guidelines was based on an unconstitutionally vague definition of "aggravated felony."

Although Hernandez made a written objection to the probation officer's recommendation for the sixteen level increase, he withdrew his

---

[*] Pursuant to 5th Cᴵʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cᴵʀ. R. 47.5.4.

objection at the sentencing hearing.  The withdrawl of an objection constitutes the waiver of that objection by the defendant.  See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995).  Because "waived errors are entirely unreviewable," Hernandez has effectively eliminated his only claim on appeal.  Id.

Even if Hernandez had not waived his claim of unconstitutional vagueness, however, we would review it only for plain error as he did not raise the issue at his sentencing hearing.  See United States v. Spires, 79 F.3d 464, 465-66 (5th Cir. 1996).  Under this standard, we are not able to conclude that Hernandez has shown that a clear or obvious error affected his substantial rights.  See United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

AFFIRMED.